UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANNA L. EBERHART,

        Plaintiff,

v.                              CASE No. 8:19-cv-1653-T-TGW

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

_____

ORDER

        The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[1]   Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

        The plaintiff, who was thirty-three years old at the time of the administrative hearing and who has the equivalent of a high school education, has worked as an election clerk and hairstylist (Tr. 19, 41-42). She filed a claim for supplemental security income payments, alleging that

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 28).

she became disabled due to short-term memory loss, poor strength, anxiety,

mental issues, nightmares and blackouts (Tr. 59-60).   The claim was denied

initially and upon reconsideration.

At her request, the plaintiff received a de novo hearing before

an administrative law judge.   The law judge found that the plaintiff had

severe impairments of psychotic affective disorder and post-traumatic stress

disorder (Tr. 14).

He found further that the plaintiff "has other non-severe

medically determinable impairments causing no more than minimal

limitation in the ability to do basic work activities" (Tr. 15).   As pertinent

here, the law judge concluded that "the claimant's alleged wrist injury is a

non-medically determinable impairment, which causes no more than

minimal limitation in her ability to perform basic work functions" (id.).

The law judge concluded that, despite the plaintiff's

impairments, she

> has the residual functional capacity to perform a
> full range of work at all exertional levels but with
> the following non-exertional limitations:   The
> person is able to understand, remember and apply
> detailed, though not complex instructions; interact
> appropriately with supervisors, and only
> occasionally with coworkers and the general
> public; concentrate, persist, and maintain pace for

two hours at a time; and manage herself and adapt
to routine changes in the workplace.

(Tr. 17).

The law judge determined that, with these limitations, the

plaintiff is unable to perform any past relevant work (Tr. 19).   However,

based upon the testimony of a vocational expert, the law judge found that

jobs exist in significant numbers in the national economy that the plaintiff

could perform, such as laundry worker, bus/automobile cleaner and

inspector/hand packager (Tr. 20).   Consequently, the law judge decided

that the plaintiff was not disabled (id.).   The Appeals Council denied

review, so that the law judge's decision became the final decision of the

Commissioner.

## II.

A.   In order to be entitled to supplemental security income, a

claimant must be unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which

... has lasted or can be expected to last for a continuous period of not less

than twelve months."   42 U.S.C. 1382c(a)(3)(A).   A "physical or mental

impairment," under the terms of the Social Security Act, is one "that results

from anatomical, physiological, or psychological abnormalities which are

3.

demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.   42 U.S.C. 405(g).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).   Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."   Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.   Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).   Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported

4

by substantial evidence.    Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.   However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B.   The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims.   See 20 C.F.R. 416.920.   One of the threshold inquiries (step two) is whether a claimant has a medically determinable impairment and its severity. 20 C.F.R. 416.920(c).   An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 416.921(a).   If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 416.920(c).   When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from

5

doing past relevant work. 20 C.F.R. 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 416.920(g).

### III.

The plaintiff's sole argument is that "[t]he administrative law judge decision was in error in finding that the claimant did not have a medically determinable impairment to her left hand and wrist" (Doc. 22, p. 6, emphasis omitted).[2]   The plaintiff fails to show reversible error.

The law judge acknowledged, and fully considered, the plaintiff's allegations of pain and poor strength in her left wrist and hand (Tr. 18, see Tr. 45, 46, 49).   He iterated the plaintiff's testimony that she suffered hand lacerations during an assault many years earlier, and that her pain was exacerbated by repetitive use as a hairstylist (Tr. 15). Furthermore, the law judge recounted the plaintiff's report that "she could not tie her shoes, button a blouse, zip a zipper, hold a cup of coffee, or turn

---

[2]Any other contention is forfeited, in accordance with the Scheduling Order and Memorandum Requirements (see Doc. 15, p. 2). See also Sanchez v. Commissioner of Social Security, 507 Fed. Appx. 855, 859, n.1 (11th Cir. 2013) citing Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004 ("A legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

a doorknob due to left hand numbness (Exhibit 11E)" (Tr. 18).

The law judge, however, rejected the plaintiff's allegations of functional impairments due to her left hand/wrist injury, explaining that her subjective complaints were not supported by objective medical evidence and were inconsistent with the plaintiff's activities of daily living (Tr. 15, 16, 18). The law judge gave this detailed explanation (Tr. 15):

> The claimant ... alleged an inability to work because of poor strength and pain in her left wrist following trauma to the wrists, and exacerbated by a repetitive injury she obtained while working as a hairstylist (Exhibits 2E, 8F & Hearing Testimony). The claimant testified that she could no longer keep up with this type of work (Hearing Testimony). During the physical consultative examination with Charles Lebowitz, M.D., the claimant complained of pain in her left wrist and hand, but had no other history of arthritis or joint problems. Upon examination, Dr. Lebowitz determined she demonstrated normal grip strength in both hands, and full muscle strength in ... upper ... extremities. Dr. Lebowitz also noted that she could hold a pen, type, open a door knob, and button a shirt and use a zipper without any problems. Her digital dexterity was not impaired, and Tinsel's sign and Phalen's test were both negative for carpal tunnel syndrome.... Reflexes and pulses were within normal limits .... The claimant's physical examination was essentially normal, and she had not sought any treatment for her wrist (Exhibit 8F).

The law judge continued (Tr. 15):

7

In order to establish a medically determinable impairment, it must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Accordingly, objective medical evidence from an acceptable medical source is necessary to establish an impairment, as symptoms, a diagnosis, or a medical opinion alone will not suffice (20 CFR 416.921). The undersigned therefore concludes that the claimant's alleged wrist injury is a non-medically determinable impairment, which causes no more than minimal limitation in her ability to perform basic work functions.

As to the plaintiff's activities of daily living, the law judge explained that, "[d]espite reporting limited daily activities, the [plaintiff] testified that her daily routine includes taking care of her five children, all of whom are under the age of ten years, while four are under the age of five years (Exhibit 9F)" (Tr. 16).

The law judge again considered the plaintiff's allegations of pain and numbness in her left hand/wrist in connection with the credibility determination (Tr. 18). He specified the plaintiff's allegations that "she could not tie her shoes, button a blouse, zip a zipper, hold a cup of coffee, or turn a doorknob due to left hand numbness (Exhibit 11E)" (id.). The law judge found that the plaintiff's "statements concerning the intensity,

8

persistence and limiting effects of ... her symptoms" were not fully credible as they were not consistent with the record evidence (Tr. 18, <u>citing</u> Exhibits 3F, 5F, 7F & 8F). In fact, Dr. Lebowitz's examination results contradict the plaintiff's allegations that she could not turn a door knob, use a zipper or button, or that her digital dexterity was impaired (<u>see</u> Tr. 331).

The law judge's explanation for rejecting the plaintiff's claims of diminished functioning in her left hand is more than adequate and is supported by substantial evidence. <u>See</u> <u>Crawford</u> v. <u>Commissioner of Social Security</u>, 363 F.3d 1155, 1158 (11th Cir. 2004) (Substantial evidence "is relevant evidence that a reasonable person would accept as adequate to support a conclusion."). Thus, consultative examiner Dr. Lebowitz found that the "exam of the [plaintiff's] hand and wrist are essentially within normal limits" (Tr. 332). Additionally, non-examining reviewing physician Dr. Suzanne Johnson opined that the plaintiff's hand lacerations were "well healed" and "the objective findings do not indicate the [plaintiff] to have any functional impairments" (Tr. 77, 79). <u>See</u> <u>Belle</u> v. <u>Barnhart</u>, 129 Fed. Appx. 558, 560 (11th Cir. 2005) (It is appropriate to consider normal objective findings in determining whether the plaintiff has functional work limitations.); 20 C.F.R. 416.929(c)(2) ("Objective medical evidence ... is a

useful indicator to assist us in making reasonable conclusions about the intensity and persistence of [a plaintiff's] symptoms and the effect those symptoms ... may have on [a plaintiff's] ability to work."). Significantly, there is no contrary medical opinion. Furthermore, there is no other medical evidence during the alleged disability period regarding the plaintiff's left hand/wrist because she did not seek treatment for these alleged symptoms (Tr. 51, 332).[3]

Moreover, the law judge could reasonably find that the plaintiff's activities of daily living were inconsistent with her allegations of hand functional limitations. See Beegle v. Social Security Administration Commissioner, 482 Fed. Appx. 483, 487-88 (11th Cir. 2012) (It is appropriate to consider daily activities in determining whether impairments are severe.); Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987) (The regulations direct the law judge to consider a plaintiff's activities of daily living in determining disability.). The plaintiff testified at the administrative hearing that she "[t]akes care of the kids, read[s the] Bible, [and] clean[s]

---

[3]The plaintiff stated that she did not seek treatment for her hand because she did not have transportation (Tr. 51-52). However, the record shows that the plaintiff was "successful in attending" her mental health appointments, and that she had "Family/Friend[s]" to take her to those appointments (Tr. 349).

up" (Tr. 52).   As the law judge noted, the plaintiff was caring for four children under the age of 7, including an infant (see Tr. 16).   Thus, the plaintiff affirmed that her children "keep [her] busy from the time [she] gets up until the time [she] go[es] to sleep" (Tr. 53).

In sum, the law judge's explanation for finding that the left plaintiff's hand/wrist injury "causes no more than minimal limitation in her ability to perform basic work functions" (Tr. 15) is adequate and supported by substantial evidence.   See Crawford v. Commissioner of Social Security, supra, 363 F.3d at 1158.

The thrust of the plaintiff's challenge is that the law judge erred in finding that the plaintiff's left hand/wrist condition was not a medically determinable impairment.   This contention is unavailing.

As the law judge pointed out in his decision, a medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques" (Tr. 15).   The plaintiff has not identified any evidence of clinical or laboratory diagnostic techniques establishing anatomical or physiological abnormalities in the plaintiff's left hand/wrist.

11

Rather, the plaintiff merely contends the law judge's "finding that [she] does not have a medically determinable impairment to her hand constitutes clear error" because Dr. Lebowitz observed laceration scars on the plaintiff's left hand (Doc. 22, p. 7). That circumstance does not satisfy the standard of an abnormality shown by clinical or laboratory diagnostic techniques. In fact, as previously explained, Dr. Lebowitz, upon a clinical examination, did not find an abnormality of the plaintiff's left hand/wrist.

Moreover, even assuming the law judge erred in finding no medically determinable impairment, it is harmless error because the plaintiff has not identified anything in the medical record that shows her left hand/wrist functioning was impaired. An error is harmless when "it d[oes] not affect the administrative law judge's ultimate determination." Hunter v. Commissioner of Social Security, 609 Fed. Appx. 555, 558 (11th Cir. 2015); see also Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir.1983). "[W]hen an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand." Miller v. Barnhart, 182 Fed. Appx. 959, 964 (11th Cir. 2006).

The assessment of a medically determinable impairment is a threshold inquiry that is undertaken before the sequential analysis is performed. Thus, if there is no medically determinable impairment the claim fails, and there is no need for the sequential analysis.

In this case, however, the law judge seemed to conflate the issue of a medically determinable impairment and an evaluation of a non-severe impairment at step two of the sequential analysis. Thus, the law judge stated that he "concludes that the claimant's alleged wrist injury is a non-medically determinable impairment, which causes no more than minimal limitation in her ability to perform basic work functions" (Tr. 15). This latter phrase is the definition of a non-severe impairment. Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). In other words, the law judge found both that the plaintiff's left hand/wrist condition was not a medically determinable impairment and that the condition was a non-severe impairment. The plaintiff challenged only the first finding, but not the second (Doc. 22, pp. 2, 6). The unchallenged finding that the left hand/wrist condition "causes no more than [a] minimal limitation in [the plaintiff's] ability to perform basic work functions" defeats the plaintiff's argument for reversal.

The failure to identify an abnormality as a medically determinable impairment is harmless when the law judge proceeds beyond step two of the sequential analysis and determines the claimant's residual functional capacity because "[t]he ALJ considers all of the evidence in the record in determining the claimant's RFC." Himes v. Commissioner of Social Security, 585 Fed. Appx. 758, 764 (11th Cir. 2014) citing Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). Clearly, the law judge considered the plaintiff's left hand/wrist injury in determining her residual functional capacity, as he expressly found that the plaintiff's "alleged wrist injury … causes no more than minimal limitation in her ability to perform basic work functions" (Tr. 15).

The plaintiff, in order to show reversible error, needs to identify evidence compelling the law judge to include in the residual functional capacity hand limitations that would have affected the law judge's decision. See Adefemi v. Ashcroft, supra, 386 F.3d at 1027 ("findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal"). The plaintiff does not identify such evidence. The plaintiff emphasizes that Dr. Lebowitz observed laceration scars on her left hand (Doc. 22, p. 7). However, as the Commissioner argues (Doc. 26, p.

7), the mere existence of an impairment does not reveal the extent to which it limits the plaintiff's ability to work.   See Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005), quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986) ("a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work.").   In other words, it is the functional limitations that determine disability.   Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

The plaintiff argues further that, although Dr. Lebowitz's examination showed normal hand functioning, "this does not mean she would be able to use her hands repetitively for handling and fingering," i.e., "a person may have normal function for short to medium periods of time, but still have weakness with repetitive use" (Doc. 22, p. 8).   However, the plaintiff does not identify medical evidence supporting this contention. See Washington v. Commissioner of Social Security, 906 F.3d 1353, 1359 (11th Cir. 2018) (It is the plaintiff's burden to present evidence demonstrating the existence of a disability.).   Rather, the plaintiff speculates that "injury to a tendon, nerve or muscle may be repaired, or 'heal,' [but] this does not mean

the individual's functioning is fully restored" (Doc. 22, p. 8).   Notably, the record does not indicate whether there was injury to a tendon, nerve or muscle.   Dr. Lebowitz stated that the plaintiff received sutures for lacerations on her left hand, which has caused scars but no apparent functional deficits to her left hand or wrist (see Tr. 329–332).   See Wind v. Barnhart, supra, 133 Fed. Appx. at 690 ("[A] mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work.").

Furthermore, the plaintiff implicitly acknowledges the absence of medical evidence supporting her contention that she cannot repetitively use her left hand because she seeks a remand for the law judge "to obtain an opinion from a medical expert as to whether [the plaintiff's] medically determinable impairment results in any functional loss, including the inability to handle and finger repetitively" (Doc. 22, p. 8).   This request is unavailing.

The plaintiff bears the burden of proving that she is disabled and, therefore, must produce evidence that supports her claim.   Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).   Here, the Social Security

16

Administration has already purchased a consultative examination from Dr. Lebowitz, which includes a detailed examination of the plaintiff's hand functioning.   The Social Security Administration also obtained, consistent with the plaintiff's request, "an opinion from a medical expert as to whether [the plaintiff's] medically determinable impairment results in any functional loss, including the inability to handle and finger repetitively" (Doc. 22, p. 8).   Thus, Dr. Johnson opined, after reviewing the medical record, that "there is no objective functional loss" in the plaintiff's left hand/wrist (Tr. 77; <u>see</u> <u>also</u> Tr. 79).

A law judge need not seek additional expert testimony, including a consultative exam, if the record is sufficiently developed to make a disability determination.   <u>See</u> <u>Ingram</u> v. <u>Commissioner of Social Security Administration</u>, 496 F.3d 1253, 1269 (11th Cir. 2007); 20 C.F.R. 416.917. The plaintiff makes no meaningful attempt to show that the record, which contains objective medical evidence, expert medical opinions, and details the plaintiff's daily activities, was not sufficiently developed for the law judge to determine whether the functioning of the plaintiff's left hand was impaired.   Notably, plaintiff's counsel did not request the law judge to obtain additional medical expert evidence.

The plaintiff's final contention is that the law judge's failure to identify her hand lacerations as a medically determinable impairment "tainted the ALJ's evaluation of … [her] complaints of pain and other subjective symptoms pertaining to her left hand" (Doc. 22, p. 8). The plaintiff has not properly asserted a challenge to the law judge's credibility determination and, therefore, this contention is forfeited in accordance with the Scheduling Order and Memorandum Requirements (see Doc. 15, p. 2).

Furthermore, the contention is meritless. The law judge, in determining the plaintiff's credibility, expressly considered the plaintiff's subjective complaints of pain and numbness in her left hand, but found that the symptoms were not supported by the objective evidence (see Tr. 18). The plaintiff does not acknowledge, much less undermine that explanation, which is supported by substantial evidence (supra, pp. 7-10).

## IV.

In sum, the plaintiff has failed to establish reversible error. Therefore, the decision of the Commissioner of Social Security will be affirmed, and the case closed.

DONE and ORDERED at Tampa, Florida, this 27ᵗʰ day of

July, 2020.

THOMAS G. WILSON
UNITED STATES MAGISTRTE JUDGE